UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER N. MANN,

      Plaintiff,

v.                                           Case No:  6:12-cv-1276-Orl-GJK

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____

**MEMORANDUM OF DECISION**

Heather N. Mann (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) finding that she could perform her past relevant work; and 2) failing to consider all the relevant medical evidence in determining her residual functional capacity ("RFC").  Doc. No. 21 at 8-16.  For the reasons set forth below, the Commissioner's final decision is **REVERESED** and **REMANDED** for further proceedings.

**I.   STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.     ANALYSIS.

### A. Past Relevant Work.

Claimant argues that the ALJ erred in determining that she could perform her past relevant work as a customer service representative as described in the Dictionary of Occupational Titles (the "DOT") No. 239.362-014. Doc. No. 21 at 8. Specifically, Claimant notes that the DOT assigns a specific vocational preparation ("SVP") of five (5) to her past relevant work, which correlates to skilled work. Doc. No. 21 at 8, 12 (citing SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000)). Claimant maintains that she is incapable of performing skilled work, pursuant to the ALJ's RFC determination. Doc. No. 21 at 8, 12. Accordingly, Claimant argues that the ALJ erred in determining that she could perform her past relevant work,

and should have proceeded to step five of the sequential evaluation process. Doc. No. 21 at 8, 12. In response, the Commissioner tacitly acknowledges the merit of Claimant's argument by failing to directly challenge the same. *See* Doc. No. 22 at 10. Instead, the Commissioner relies on the doctrine of harmless error, arguing that "remand is … not needed because, at step five, the Medical Vocational Guidelines (the "grids") would have directed a finding of not disabled." Doc. No. 22 at 10.

At step four of the sequential evaluation process, the ALJ determines whether a claimant's RFC enables him or her to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating that he or she is incapable of performing his or her past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Step four involves three distinct determinations. *E.g.*, *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ must make specific findings of fact as to the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. Second, the ALJ must make findings of the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); SSR 82-62, 1982 WL 31386 at *3 (1982). Finally, the ALJ must compare the RFC to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant has the RFC to do his or her past relevant work, the claimant is not disabled. *Id.* If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step. *Jones*, 190 F.3d at 1228.

At step four, the ALJ thoroughly and accurately discusses Claimant's testimony, medical records, and the opinions of one examining physician, Dr. Ada Ramirez, and two non-examining

consultative physicians, Dr. Nancy Hinkeldey and Dr. Pamela Green. R. 16-20.[1] Based on this evidence, the ALJ found that "claimant does have the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." R. 20. Based on this finding the ALJ concluded that Claimant has an RFC to "perform work at all exertional levels but with the following nonexertional limitations: The claimant is able to understand, remember, and carry out simple instructions in a low stress work environment." R. 16. Given Claimant's RFC, the ALJ found that "claimant is capable of performing past relevant work as a customer service representative as described in the Dictionary of Occupational Titles # 239.362-014[, because it] is sedentary work with a specific vocational preparation of 5. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity[.]" R. 20.

A job with a SVP of five (5) is considered to be skilled work. SSR 00-4p, at * 3. Skilled work is defined as follows:

> Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.

20 C.F.R. § 404.1568(c). Comparatively, unskilled work is defined, in relevant part, as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Also, "[t]he Social Security Administration has stated

---

[1] No treating physicians opined with respect to Claimant's exertional and nonexertional functional capabilities.

that where the claimant has the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting, then an RFC of 'unskilled' work would be appropriate." *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008) (citing SSR 85-15, 1985 WL 56857 (1985)).

Given Claimant's nonexertional impairments, as determined by the ALJ, Claimant argues that she is incapable of performing skilled work. Doc. No. 21 at 8, 12. Thus, Claimant maintains that the ALJ's determination that she can perform her past relevant work is not supported by substantial evidence. The Court agrees. The ALJ's finding that "claimant does have the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting" (R. 20) tracks the language of the definition of unskilled work contained in SSR 85-15. While not all components of this finding were included in Claimant's RFC, the nonexertional impairments that do appear in Claimant's RFC strongly suggest that she is limited to performing unskilled work. *Compare* R. 16 *with* SSR 85-15 at *3 and 20 C.F.R. § 404.1568(a). Despite this fact, the ALJ, without explanation, summarily determined that Claimant can perform her past relevant work, which the DOT classifies as skilled work. Without explicit findings concerning the functional demands of Claimant's past work and how an individual with Claimant's nonexertional impairments can perform skilled work, the Court is unable to conduct a meaningful review of the ALJ's determination that Claimant is capable of performing her past relevant work, which, on its face, appears contradictory to his RFC determination. *See* SSR 82-62, 1982 WL 31386, at *3 ("The decision as to whether the claimant retains the functional capacity to perform past work … must be

developed and explained fully in the disability decision"); *Frizzo v. Astrue*, Case No. 6-11-cv-1318-Orl-31TEM, 2012 WL 3668049, at *11 (M.D. Fla. Aug. 7, 2012) (ALJ's blanket conclusion that claimant could perform her past relevant work prohibited meaningful review where claimant's RFC limited her to unskilled work but her past relevant work was classified as semi-skilled); *Childs v. Astrue*, 2008 WL 686160, at *4 n.1 (M.D. Fla. Mar. 10, 2008) (same).

Based on the foregoing, the Court finds that the ALJ committed error at step four of the sequential evaluation process. The Commissioner contends that this error is harmless "because, at step five, the Medical Vocational Guidelines (the "grids") would have directed a finding of not disabled." Doc. No. 22 at 10. When the ALJ commits error at step four, it may be harmless error if the ALJ's alternative finding at step five is correct. *Frizzo*, 2012 WL 3668049, at *12 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008)). Here, the ALJ did not make an alternative finding at step five. *See* R. 21. Despite this fact, the Commissioner invites the Court to determine, in the absence of any finding by the ALJ at step five, that the Grids direct a finding of not disabled. Doc. No. 22 at 10-16. The Commissioner's invitation is not well-taken, as the Court's limited review precludes it from addressing and determining matters not addressed by the ALJ. *Phillips*, 357 F.3d at 1240 n.8. In the absence of a correct alternative finding at step five, the Court finds that the ALJ's error at step four is not harmless. *See, e.g.*, *Shortridge v. Astrue*, 2012 WL 1598012 at *7 (N.D. Fla. Apr. 3, 2012) (finding that error at step four was not harmless because the ALJ did not make an alternative finding at step five). Accordingly, the Court finds that the case must be reversed and remanded to the Commissioner.[2]

### III.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

---

[2] The Court finds this issue dispositive and does not address Claimant's remaining arguments.

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 3, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Douglas A. Walker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801